IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROL ANGELINE MAIN a/k/a Carol Angeline Hurtt,<br><br>    Defendant. | No. CR11-3052-MWB<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

       This case is before me on a petition (Doc. No. 209) to revoke defendant Carol Angeline Main's supervised release. The Honorable Mark W. Bennett referred the petition to me for the issuance of a report and recommended disposition (Doc. No. 211). A supplemental and substituted petition was filed on January 7, 2013. (Doc. No. 218). I held a hearing on January 9, 2013. Plaintiff (the Government) was represented by Assistant United States Attorney Shawn Wehde. United States Probation Officer Christopher Hopper was also present. Main appeared in person and with her attorney, Priscilla Forsyth. Neither party presented any witnesses.

## I.    BACKGROUND

       On September 20, 2012, Main was sentenced to time served and a four-year term of supervised release based on her plea of guilty to conspiracy to manufacture and distribute 5 grams or more of actual (pure) methamphetamine. *See* Doc. No. 95. She began serving her term of supervised release (TSR) on September 20, 2012.

       The supplemental and substituted petition itemizes six categories of alleged violations. During the hearing, Main admitted all six violations through counsel. They include use of a controlled substance on multiple occasions (including at least six

occasions between October and December 2012), associating with persons engaged in criminal activity, failure to participate in substance abuse treatment (on two occasions), failure to submit a monthly report and failure to truthfully answer inquiries and follow the instructions of her probation officer regarding drug use and contact with a former husband who supplied her with methamphetamine.

## II. ANALYSIS

"A district court may revoke supervised release if it 'finds by a preponderance of the evidence that the defendant violated a condition of supervised release.'" *United States v. Holt*, 664 F.3d 1147, 1149 (8th Cir. 2011) (quoting 18 U.S.C. § 3583(e)(3)). The court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

At the hearing, Main admitted to all violations alleged in the supplemental and substituted petition. Accordingly, I find by a preponderance of the evidence that Main violated the terms and conditions of her supervised release. Having so found, 18 U.S.C. § 3583(e) requires that I consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether Main's term of supervised release should be terminated, extended, modified, or revoked. Although I am not required to cite each relevant factor in § 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), those factors are set forth below for the convenience of the district court in reviewing this Report and Recommendation:

> The court, in determining the particular sentence to be imposed, shall consider –
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2) the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . . .

(4) the kinds of sentence and the sentencing range established for –

. . . .

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]

>(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
>(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (as referenced in 18 U.S.C. § 3583(e)). After considering these factors, I may terminate, extend, revoke or modify the term of supervised release as set forth in § 3583(e). Revocation is mandatory in this case pursuant to 18 U.S.C. § 3583(g) because Main's admitted violations include testing positive for illegal controlled substances more than three times over the course of one year.

Probation recommends that Main's term of supervised release be revoked and that Main be sentenced to three months incarceration followed by up to 180 days residing in a Residential Reentry Center (RRC). It also recommends that the terms of Main's TSR be re-imposed for a four-year term of supervised release following her release from the RRC. During the hearing, Main acknowledged revocation is mandatory and did not object to Probation's recommendation.

### A. *Nature and Circumstances of Offense, and Main's History and Characteristics*

Main's original offense was conspiracy to manufacture and distribute 5 grams or more of actual (pure) methamphetamine. She had a Criminal History Category of I at the time of sentencing. According to the Government, her attorney and her probation officer, Main complied with the conditions of her pretrial release.

Unfortunately, since being sentenced Main has demonstrated a significant problem with substance abuse. She initially advised her probation officer on September 26, 2012, that she was not interested in substance abuse treatment, as she felt she was doing well on her own. The petition sets forth facts, including Main's own admissions, that she began using methamphetamine in October 2012 and was obtaining it from her former husband. Main admitted to using methamphetamine a couple times a month in

October and November and every other day since she began substance abuse treatment in late November.

### B. *Deterrence of Criminal Conduct*

Many of the violations here constitute the most serious grade of violation and the guideline range of imprisonment for these violations is 3 to 9 months. I find that incarceration of three months followed by up to 180 days in a RRC and four years of supervised release is sufficient to deter further criminal conduct by Main.

### C. *Protection of the Public from Further Crimes*

Main's admitted violations include associating with persons engaged in criminal activity. I find that incarceration of three months followed by up to 180 days in a RRC and four years of supervised release is sufficient to protect the public from further crimes.

### D. *Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner*

Main has failed to maintain employment while on supervised release. I find that residing in a RRC, which will require Main to locate or, at least, actively search for employment, will be beneficial to her.

### E. *Sentencing Considerations*

I am required to consider pertinent policy statements issued by the United States Sentencing Commission in effect at the time of Main's sentencing. 18 U.S.C. § 3553(a)(5). I find two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. The most serious of Main's violations is a Grade C violation, which consists of "conduct constituting (A) a federal, state, or local offense

5

punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." Having so found, the court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation: "Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision." U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement). Based on her Criminal History Category of I, Main's recommended range of imprisonment pursuant to the Sentencing Guidelines is 3 to 9 months, with a maximum statutory term of imprisonment of three years. *See* U.S.S.G. § 7B1.4 (Policy Statement); 18 U.S.C. § 3583(e)(3). The maximum statutory term of supervised release is life.

### F. *Sentencing Disparities*

The final consideration is whether my recommended disposition will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). I have no information to suggest that this is the case.

### G. *Recommendation*

The Eighth Circuit has

> required that courts consider the policy statements in Chapter 7 [of the Sentencing Guidelines] when sentencing a violator of supervised release and [has] concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory. There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."

*United States v. White Face*, 383 F.3d 733, 738 (8th Cir. 2004) (citation omitted) (quoting *United States v. Oliver*, 931 F.2d 463, 465 (8th Cir. 1991)). Failure to provide written reasons for sentencing outside the applicable policy statement range for revocation sentences is not reversible error, although written statements of reasons are

helpful for the parties, reviewing courts, and the Sentencing Commission. *Id.* at 739; *accord United States v. Jones*, 973 F.2d 605, 607-08 (8th Cir. 1992) ("Because the Chapter 7 policy statements are not binding, the court is not required to make the explicit, detailed findings required when it departs upward from a binding guideline."). "The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted." *United States v. Carr*, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam); *accord United States v. Jasper*, 338 F.3d 865, 867 (8th Cir. 2003).

I have given careful consideration to the factors set forth in 18 U.S.C. § 3553(a), and hereby recommend that Main's TSR be revoked and that Main be sentenced to three months incarceration. I further recommend that upon release, the terms of Main's TSR be re-imposed for a period of four years of supervised release and that those terms be modified to require that she reside in a RRC for a period of up to 180 days. I find that this recommended disposition will further the goals of deterrence and incapacitation, reflects the seriousness of Main's conduct and provides just punishment for such conduct. Main has continued to use a controlled substance and to associate with her former husband after she was informed these were serious violations and after Probation requested a modification. She has failed to participate in substance abuse treatment by not attending appointments. She has been untruthful to her probation officer about her drug use. My recommended disposition would make it impossible for her to continue substance abuse for a period of time while also affording deterrence from future violations. I find that the sentence described above is "sufficient, but not greater than necessary, to comply with" the sentence's purposes as set forth in § 3553(a)(2) and will not result in any sentencing disparities. *See* 18 U.S.C. § 3553(a).

### III. CONCLUSION

Based on the foregoing, I RESPECTFULLY RECOMMEND that the Government's motion to revoke Main's supervised release be **granted** and that Main be

sentenced to three months incarceration.[1]  I further recommend that upon her release, the terms of Main's TSR be re-imposed for a period of four years of supervised release and that those terms be modified to require that she reside in a Residential Reentry Center for a period of up to 180 days.

Objections[2] must be filed **by January 24, 2013**.  Responses to objections must be filed **by February 7, 2013**   However, I urge the parties to file any objections and responses as soon as possible to allow Judge Bennett to issue a final ruling promptly.

**IT IS SO ORDERED.**

**DATED** this 10th day of January, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[1] Main has been detained since her arrest on January 4, 2013.  Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), I ordered continued detention after the January 9, 2013, revocation hearing.  My recommendation that Main be sentenced to three months incarceration anticipates that she will receive credit for the time she has already served, even though the final ruling on the Government's petition will not be issued until a later date.

[2] Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.  *See* Fed. R. Civ. P. 72; Fed. R. Crim. P. 59.