# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br>CAROL ANGELINE MAIN,<br><br>Defendant. | No. CR11-3052-MWB<br><br>ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE |

_____

## *I. INTRODUCTION AND BACKGROUND*

On November 17, 2011, an Indictment was returned against defendant Carol Angeline Main, charging her with conspiracy to manufacture 50 grams or more of pure methamphetamine, and to manufacture 5 grams or more of pure methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846. After pleading guilty, Main was sentenced on September 20, 2012, to time served and four-years of supervised release. She began serving her term of supervised release that same day.

On January 7, 2013, a Supplemental and Substituted Petition to Revoke Supervision ("the Substituted Petition") was filed charging Main with the following violations of her supervised release: (1) use of controlled substances on multiple occasions, including at least six occasions between October and December 2012; (2) associating with persons engaged in criminal activity; (3) failing to participate in substance abuse treatment; (4) failing to submit a monthly report; and (5) failing to

truthfully answer inquires and follow instructions of her probation officer. I referred the Petition to United States Magistrate Leonard T. Strand, pursuant to 28 U.S.C. § 636(b). Judge Strand held an evidentiary hearing on January 9, 2013. At the hearing, Main admitted to all of the violations alleged in the Substituted Petition. United States Probation Officer Christopher Hopper recommended Main's supervised release be revoked and a sentence of three months incarceration be imposed, followed by a four year term of supervised release. He also recommended that Main be required to reside at a Residential Reentry Center for up to 180 days following release from imprisonment. Main did not object to probation's recommendation and acknowledged that revocation of her supervised release was mandatory.

On January 10, 2013, Judge Strand filed a Report and Recommendation in which found that Main had violated the terms and conditions of her supervised release. Judge Strand also found that the most serious of Main's violations is a Class C violation. Based on Main's criminal history points placing her in Criminal History Category of I, Judge Strand found Main's advisory guideline range to be 3 to 9 months. *See* U.S.S.G. § 7B1.4(a), p.s., Revocation Table. He further found that revocation is mandatory in this case, pursuant to 18 U.S.C. § 3583(g), because Main's violations include testing positive for illegal controlled substances more than three times over the course of one year. Judge Strand then weighed the relevant § 3553(a) factors, as directed by 18 U.S.C. § 3583(e), as well as the policies set forth in Chapter Seven of the Sentencing Guidelines. After considering those factors, Judge Strand recommends that Main's supervised release be revoked and that she be sentenced to three months incarceration followed by four years of supervised release. Judge Strand also recommends that the terms of Main's supervised release be modified to require that immediately following her release from imprisonment she reside in a Residential

2

Reentry Center for a period of up to 180 days. Neither the prosecution nor Main has filed objections to Judge Strand's Report and Recommendation.

## II.   LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review de novo any issue in a magistrate judge's report and recommendation at any time. Id. If a party files an objection to the magistrate judge's report and recommendation, however, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28

3

U.S.C. § 636(b)(1).  In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen de novo review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review").  The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'"  *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, reprinted in 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))).  Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's required de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made.  28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask." (emphasis added)).  Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger de novo review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989).  Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994).  As a result, the Eighth Circuit Court of Appeals has been willing to "liberally construe[]" otherwise general pro se

objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full de novo review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to me that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, I will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). I am unaware of any case that has described the clearly erroneous standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has

5

been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; see also FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, I believe one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a clearly erroneous standard of review is deferential and the minimum standard

appropriate in this context, it is not mandatory, and I may choose to apply a less deferential standard.[1]

---

[1] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. See *United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will not result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g., United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

As noted above, neither party has filed objections to Judge Strand's Report and Recommendation. I have reviewed Judge Strand's Report and Recommendation, along with the entire file, and find Judge Strand's analysis and recommendations are appropriate. Accordingly, I adopt the Report and Recommendation in its entirety. For the reasons set out by Judge Strand, I find that Main violated the conditions of her supervised release. It is ordered that Main's supervised release is revoked and that she serve a term of imprisonment of three (3) months, with credit for time served since being taken into custody on the original petition. It is further ordered that following her completion of the three-month term of imprisonment, Main shall be placed on a new term of supervised release for four (4) years. All terms and conditions of Main's previous supervised release shall be in effect for her new period of supervised release with the additional requirement that, immediately following her release from imprisonment, she must reside in a Residential Reentry Center for a period of 180 days. Main is advised that she has the right to appeal this sentence. If Main desires to appeal, she must file written notice with the Clerk of Court within 14 days of the judgment.

**IT IS SO ORDERED**.

**DATED** this 31st day of January, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA